UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYCE A. BONJORNO,

    Plaintiff,

v.

AUDRA ASHER,

    Defendant.

Case No. 24-4111-HLT-BGS

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Audra Asher's motion for leave to answer out of time and Plaintiff Tyce Bonjorno's motion to strike Defendant's motion. Plaintiff proceeds pro se.[1] For the reasons stated herein, the Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motion.

## I. Background

Plaintiff brought this case on November 22, 2024. Asher was served with the summons and complaint on January 13, 2025. *See* Doc. 8. Her answer or responsive pleading was due, under Fed. R. Civ. P. 12(a)(1)(A)(i), on or before February 3, 2025. However, Defendant—who at that time was proceeding pro see—failed to timely respond, and she filed her answer two-days late on February 5, 2025. *See* Doc. 12. She also filed a motion for leave to file her answer out of time. Doc. 13. Plaintiff also filed an application for a clerk's entry of default along with a motion for a default judgment. Docs. 11, 15. The District Judge granted Defendant's motion for leave to answer out of time and denied Plaintiff's motion for default judgment. Doc. 16. In the text order, the

---

[1] Plaintiff proceeds pro se. The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

1

District Judge noted that:

> Defendant's failure to timely respond to the Complaint amounts to excusable neglect. She was a caregiver for her grandmother, and her grandmother passed away on January 22. The Court also finds there is little to no prejudice to Plaintiff. Defendant filed her answer two days late (due on February 3 and filed on February 5). This case can easily move forward after this short delay. Moreover, the Court would prefer to spend its time on the merits and move the case forward without delay.

*Id.* After the Court's order, the undersigned set a status conference to discuss preliminary case-related matters and how the parties wanted to proceed from a scheduling standpoint.

Defense counsel entered an appearance on behalf of Audra Asher on February 17, 2025. Both defense counsel and Plaintiff participated in the status conference. Defense counsel indicated that she would be filing an early dispositive motion and would also be moving to stay discovery. To ensure the case kept moving forward, the Court set a deadline of April 4, 2025, for Defendant to file the dispositive motion and motion to stay discovery. Doc. 19. On April 4, 2025, Defendant filed a motion for judgment on the pleadings and a motion to stay discovery.

In response to the motion for judgment on the pleadings, he filed a first amended complaint, mistakenly believing that he could file it as a matter of right under Fed. R. Civ. P. 15(a)(1)(B). Plaintiff also filed a response to the motion to stay discovery and a motion to strike the motion. The Court subsequently emailed the parties and proposed treating the document as a motion to amend and granting the motion given the stage of the case. Defendant agreed with that approach. Therefore, the Court granted the motion to amend and deemed the amended complaint (Doc. 26) filed as of the date of the order. *See* Doc. 31. The Court denied as moot Defendant's motion for judgment on the pleadings (Doc. 21), Defendant's motion to stay discovery (Doc. 23), and Plaintiff's motion to strike (Doc. 29).

Under Fed. R. Civ. P. 15(a)(3), Defendant's answer or responsive pleading was due April 28, 2025. Defendant, again, failed to answer or otherwise plead. Plaintiff filed another application for a

2

clerk's entry of default the day after the answer was due. Doc. 31. Defense counsel filed a second motion for leave to answer out of time submitting that her law office applied the Kansas state court rule rather than the federal rules when calculating the answer deadline. Plaintiff filed a response opposing the motion (Doc. 38) and filed a motion to strike Defendant's motion (Doc. 39). The Court has reviewed all the briefing and is prepared to rule.

## II.   Defendant's Motion for Leave to Answer out of Time

The Court first considers whether Defendant should be permitted to answer or otherwise plead out of time. The standard for permitting a party to file a pleading out of time is well-established. Fed. R. Civ. P. 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

""[I]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Alsbrooks v. Collecto, Inc.*, No. 10-2271-JTM, 2010 WL 4067145, at *2 (D. Kan. Oct. 15, 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496, 123 L. Ed. 2d 74 (1993)). The court generally considers four factors when determining whether a party's actions establish excusable neglect:

> (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party and (4) the existence of good faith on the part of the moving party.

*Id.* The decision to permit the late filing of a pleading lies within the court's discretion, and "the preferred disposition of any case is upon its merits and not by default judgment." *ClaimSolution, Inc. v. Claim Sols., LLC*, No. 17-2005-JWL-GEB, 2017 WL 2225225, at *2 (D. Kan. May 22, 2017).

In her motion, defense counsel states that her office inadvertently used the Kansas state court rule when calculating the answer deadline to the amended complaint. The error was not

noticed until after Plaintiff filed an application for a clerk's entry of default. Defendant argues that the miscalendaring of the response date was an honest mistake, no bad faith is present, there is no prejudice to Plaintiff, and it will not significantly delay the proceedings. Plaintiff argues that the miscalendaring of the answer deadline does not constitute excusable neglect. He also argues that the motion was brought in bad faith and causes him undue prejudice.

The Court finds that the factors weigh in favor of allowing the Defendant to answer out of time. Plaintiff asserts he is prejudiced because he is unable to move forward with discovery. However, Plaintiff's motion was filed only three-days after the deadline had passed. Defense counsel also expressed an intent to file a motion to stay along with a dispositive motion. Even if Defendant timely responded with a dispositive motion, discovery would not have proceeded until after resolution of the motion to stay. In this situation, the Court finds the prejudice to Plaintiff relatively minimal.

The reason for Defendant's delay, and whether or not it was in Defendant's control, is the most important factor to consider. *Alsbrooks*, 2010 WL 4067145, at *2. Plaintiff contends Defendant does not offer a reasonable excuse for the delay and miscalculating the answer deadline is not excusable neglect.

"Although a consistent definition of 'excusable' neglect among the rules and case law is difficult to pinpoint, courts have forgiven missed deadlines caused by such mistakes as clerical calendaring errors, miscalculations of deadlines, and mishandling of documents." *ClaimSolution*, 2017 WL 2225225, at *4 (collecting cases). Cases in which courts do not find excusable neglect usually pertain to counsel ignoring deadlines, failing to explain an error, or misinterpreting the law. *Id.* Here, the miscalendaring of the date was not a poor tactical choice or a missed deadline due to workload. This was a mistake by her office and once discovered, Defendant acted promptly to remedy the inaction. The Court finds that the reason for Defendant's delay weights in her favor.

Similarly, the Court does not find that bad faith is present. It was an honest mistake. Plaintiff contends this was "strategic gamesmanship" by an experienced litigator. The Court disagrees. Defendant could just as easily have moved for an extension of time before the answer deadline passed.

The Court does caution the Defendant that this is the second time she failed to timely answer (albeit the first time was when she was proceeding pro se). The Court would not look favorably upon future failures to answer or follow the federal rules. With that in mind, the Court finds excusable neglect present and **grants** Defendant's motion.

Defendant requests until May 5, 2025, to file her responsive pleading. Given that the Court was unable to get out an order until May 5—it will grant an extension to **May 6, 2025**.

### III.   Conclusion

Given that the Court has ruled that Defendant may file her responsive pleading out of time, Plaintiff's motion to strike the motion is moot. The Court granted the relief requested in Defendant's motion and, further, there is no basis to strike it under Rule 12(f).

**IT IS THEREFORE ORDERED** that Defendant's motion for leave to answer or otherwise plead out of time, Doc. 36, is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant has until **May 6, 2025**, to answer or otherwise plead.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike Defendant's motion for leave to answer out of time, Doc. 39, is **DENIED as moot.**

**IT IS SO ORDERED.**

Dated May 5, 2025, at Wichita, Kansas.

/s/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge