UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYCE A. BONJORNO,

        Plaintiff,

        v.

AUDRA ASHER,

        Defendant.

Case No. 24-4111-HLT-BGS

## MEMORANDUM AND ORDER GRANTING MOTION TO STAY

This matter comes before the Court on Defendant Audra Asher's motion to stay discovery. Doc. 43. By way of this motion, the Defendant asks the Court to stay all discovery until the District Judge decides her pending motion to dismiss. *See* Doc. 41. Plaintiff Tyce Bonjorno (hereinafter "Plaintiff") opposes the requested stay. *See* Docs. 47, 48. For the reasons discussed herein, the Court **GRANTS** the motion to stay.

### I.  Background

On October 28, 2024, Plaintiff filed a complaint naming Audra Asher as a Defendant in this case. Several months later, Plaintiff filed a second amended complaint, which is the current operative complaint. *See* Doc. 26. The amended complaint asserts claims under 42 U.S.C. § 1983 alleging violations of various constitutional amendments as well as other claims relating to Audra Asher's role as a child custody investigator.

Plaintiff alleges that Audra Asher, a court-appointed child custody investigator, failed to perform her duties under K.S.A. § 23-3210, which included investigating allegations of child abuse and neglect. Doc. 29 at ¶ 3,4. Defendant was appointed by the Rush County District Court to investigate custody issues in the state court case *Bonjorno v. Jennings*, Case No. 2018-DM-000019. *Id.* ¶ 5. The amended complaint alleges that Defendant ignored evidence of abuse, including

photographic and medical evidence, and failed to interview key witnesses or contact relevant authorities such as Texas Child Protective Services. *Id.* ¶ 9, 24. Ms. Asher allegedly blocked Plaintiff's access to her "secure portal," which denied his ability to review reports and evidence related to her investigation. *Id.* ¶ 10. Further, Plaintiff alleges that Ms. Asher fabricated evidence, engaged in ex parte communications with the judge in state court, and made false recommendations that adversely affected his parental rights. *Id.* ¶ 87, 88, 95-97. In sum, the allegations relate to Defendant's failure to act on evidence of abuse, purported fabrication of evidence, and alleged retaliatory conduct against the Plaintiff.

Plaintiff brings a multitude of claims against the Defendant including violations of his due process rights, violations of his children's due process rights, defamation, civil rights violations under 42 U.S.C. § 1983, retaliation, abuse of process, deprivation of property, intentional infliction of emotional distress, and violations of the equal protection clause. He seeks damages totaling $11,000,000 in addition to attorney's fees pursuant to 42 U.S.C. § 1988. Plaintiff also seeks various forms of injunctive and declaratory relief.

Defendant filed a motion to dismiss the amended complaint on May 6, 2025. The motion to dismiss, in part, seeks dismissal on grounds of lack of subject-matter jurisdiction and qualified immunity. The Defendant also filed a motion to stay discovery pending resolution of the motion to dismiss. In response to the motion to stay, Plaintiff filed a motion to strike the motion and a memorandum in opposition. The Court has reviewed all the pertinent briefing and is prepared to rule.

## II.    Legal Standard

The decision to stay is incidental to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 1636, 1650, 166 81 L.Ed. 153 (1936). In

exercising this discretion, a court "must weigh competing interests and maintain an even balance." *Id.*, at 255. Additionally, the court may stay discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990). Any such stay must be kept within the "bounds of moderation." *Id.* at 256.

Generally, the District of Kansas does not favor staying discovery pending a ruling on a dispositive motion. *Tomes v. LoanCare, LLC*, No. 222CV02421JWBKGG, 2023 WL 2784844, at *1 (D. Kan. Apr. 5, 2023). However, there are recognized exceptions to that policy. A stay is appropriate if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-CV-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024). If one of these circumstances is present, a stay may be appropriate. *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). *See also Watson v. Unified Sch. Dist. No. 500*, No. 19-1044-EFM-JPO, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019). "The proponent of a stay bears the burden of establishing its need." *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay").

## III. Analysis

As an initial matter, the Court will address a couple issues raised by the Plaintiff in both his response and motion to strike. He argues that Defendant failed to confer with him prior to filing the motion. In support thereof, he states that the Court previously ordered Defendant to confer

with Plaintiff and obtain his position prior to filing the motion to stay discovery. Plaintiff alleges that Defendant attached a fraudulent email chain to the motion.

By way of brief background, this is the *second* motion to stay discovery that has been filed. Plaintiff filed an amended complaint which prompted the District Judge to deny as moot the motion for judgment on the pleadings—the original basis for the first requested stay. Therefore, the first motion to stay was also denied as moot. The Court noted that the Defendant may file another motion to stay if she chooses to file another dispositive motion. Defendant filed her second motion to stay when she filed her motion to dismiss. She attached to the motion email correspondence from when she requested Plaintiff's position prior to filing the first motion to stay. In other words, she did not confer with Plaintiff a second time and relied on Plaintiff's initial indication that the motion was opposed. Plaintiff takes issue with Defendant not conferring with him again. He also argues that it violates D. Kan. Rule 37.2.

The Court does not agree with Plaintiff's position. The Defendant already obtained Plaintiff's position on whether he would be opposed to a stay of discovery. He indicated that he opposes it. It is reasonable for Defendant to rely on that prior representation by Plaintiff. Moreover, if Plaintiff's position has changed, he could simply file a response indicating that there is no opposition. However, that is not the case. Plaintiff continues to oppose the requested stay. *See* Docs. 47, 48.

Lastly, D. Kan. Rule 37.2 pertains to discovery disputes. The purpose of the Local Rule is to supplement Fed. R. Civ. P. 37.1(a)(1) which requires that a motion compelling discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery." These are requirements a party must take when encountering discovery disputes. Not a motion to stay before discovery is even authorized. The

Court therefore declines to deny or strike the motion on that basis. With those preliminary issues decided, the Court will move on to the merits of the motion.

Audra Asher asserts that the case should be stayed pending a ruling on her motion to dismiss because she raised qualified immunity defenses to the claims asserted against her in her individual capacity. "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). Qualified immunity is a broad protection that gives government officials a right not only to avoid standing trial, but to also avoid the burden of pretrial matters such as discovery. *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001). Immunity is a threshold issue that allows courts to "weed out" suits before requiring the defendant to expend considerable time and resources to defend the suit. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). A defendant is therefore generally entitled to have questions of qualified immunity resolved before being required to engage in discovery. *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019).

The Court finds a stay of discovery appropriate. Defendant's motion to dismiss contends that she is entitled to qualified immunity. *See* Docs. 41, 42. In response, Plaintiff highlights various discovery he needs such as communications with the court clerk, photos of abuse, certified transcripts, and internal emails. However, none of the discovery is needed to combat the pending motion to dismiss. Although Plaintiff argues Ms. Asher may not prevail on her immunity defenses, it is necessary to allow the District Judge to resolve those threshold immunity issues before requiring the Defendant to participate in discovery. *Clay v. Hydro*, No. 19-3245-DDC-ADM, 2020 WL 3429461, at *2 (D. Kan. June 23, 2020) (finding that a stay is appropriate when immunity issues are raised in dispositive motions). Moreover, discovery into the issue of immunity is not necessary to

5

counter the arguments raised in the motion to dismiss. *Arnold*, 2019 WL 2438677, at *3. In addition to immunity arguments, the motion to dismiss asserts that some of Plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to state a claim which, if granted, would resolve the entire case. Moving forward with discovery at this time could prove wasteful and burdensome.

Accordingly, the Court will stay discovery and all related Rule 26 proceedings until the District Judge rules on the motions to dismiss. *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *2 (D. Kan. Apr. 10, 2020) (reaching same conclusion).

## IV.    Conclusion

Given that the Court has ruled that a stay of discovery is appropriate, Plaintiff's motion to strike the motion is moot. The Court granted the relief requested in Defendant's motion and, further, there is no basis to strike it under Rule 12(f).[1]

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery, Doc. 43, is **GRANTED**. Discovery and the related Rule 26 proceedings, including the obligation to provide initial disclosures, submit a proposed scheduling order, and attend a scheduling conference, are stayed until the District Judge rules on the Defendant's motions to dismiss.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike, Doc. 47, is **MOOT.**

**IT IS SO ORDERED.**

Dated May 14, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge

---

[1] The Court further notes that it is not necessary or useful for Plaintiff to file both a "response" and a "motion to strike" as responses to a motion. When a party files a motion, the opposing party may file one response, and the movant may file one reply. D. Kan. Rule 7.1(c). Generally, that is all the briefing the court allows. There is no need to file a motion as a response. In the future, Plaintiff is encouraged to simply file a "response" or "memorandum in opposition" when responding to a motion. The Court may decline to evaluate future motions to strike as an improper surreply. *See, e.g., Micheaux v. Am. Credit Acceptance*, No. 24-1102-DDC-BGS, 2025 WL 1042453, at *7 (D. Kan. Apr. 8, 2025) (declining to evaluate a "motion" deemed as an improper surreply).