UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYCE A. BONJORNO,

    Plaintiff,

    v.

AUDRA ASHER,

    Defendant.

Case No. 24-4111-HLT-BGS

**MEMORANDUM AND ORDER DENYING**
**MOTION FOR RECONSIDERATION**

This matter comes before the Court on Plaintiff Tyce Bonjorno's motion to reconsider the Court's previous order granting Defendant's motion to stay. Doc. 50. By way of this motion, Plaintiff argues that reconsideration is needed to prevent manifest injustice. Under D. Kan. Rule 7.3, no response to a motion to reconsider is necessary unless the court establishes a response deadline. The Court has determined that further briefing is not necessary. For the reasons stated herein, the motion is **DENIED**.

The background of this case is set forth in the Court's prior order. *See* Doc. 49, at 1-2. That order granted Defendant's motion to stay discovery. The Court found that a stay of discovery is appropriate because (1) Defendant's motion to dismiss raised qualified immunity as a defense, (2) any discovery needed would not affect the pending motion to dismiss, (3) the motion to dismiss, if granted, would resolve the entire case, and (4) discovery, at this stage of the proceedings, could prove wasteful and burdensome. *See id.* at 3-6.

Plaintiff now moves for reconsideration of that decision. Doc. 50. Despite seeking reconsideration, Plaintiff does not address the Court's bases for staying discovery. He mainly reiterates his previous arguments that Defendant failed to confer with him prior to filing the motion.

1

He also ostensibly seeks reconsideration of the order denying as moot Plaintiff's motion to strike.[1]

A party may seek reconsideration of a court order within 14 days after the order is served. The motion must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3 (emphasis added). "A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercise of due diligence." *Azzun v. Kansas Dep't of Health & Env't*, No. 10-2009-JWL, 2010 WL 148801, at *1 (D. Kan. Jan. 14, 2010) (citing *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981)).

A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed. *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Paliwoda v. Showman*, No. 12-2740-KGS, 2014 WL 11517806, at *1 (D. Kan. Sept. 30, 2014) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). *See also RMD, L.L.C. v. Nitto Americas, Inc.*, No. 09-CV-2056-DJW, 2012 WL 5417304, at *1 (D. Kan. Nov. 6, 2012) ("It is well settled that a motion to reconsider is not a second chance . . . to consider new arguments and supporting facts that could have been presented originally.").

"The movant has the burden to show an adequate reason to reconsider the prior order of the Court." *Rand v. Wolf Creek Nuclear Operating Corp.*, No. CIV.A. 11-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012). Whether to grant a motion to reconsider lies in the

---

[1] While not explicitly requesting reconsideration, he argues that the "motion to strike was wrongfully ignored." Doc. 50, at 3. He complains that the Court denied the motion "without addressing the underlying misconduct." *Id.* The Court will not reconsider its order on the motion to strike; however, Plaintiff advanced many of the same arguments in his opposition to the motion to stay. Therefore, the Court will consider his arguments as appropriate herein.

2

discretion of the court. *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

Plaintiff's motion for reconsideration is denied. He does not meet any of the standards for reconsideration. As noted above, he does not address the Court's reasoning for staying discovery. Instead, he takes issue with the Court not agreeing with his argument that Defendant failed to confer and comply with D. Kan. Rule 37.2. While the arguments raised do not affect the Court's underlying decision, it will nonetheless briefly address them.

First, Plaintiff rehashes his argument that Defendant failed to confer with him prior to filing the motion to stay discovery. In the Court's prior order, it noted that this was the second motion to stay discovery that was filed. Defendant conferred with Plaintiff when filing the first motion, but not the second. The Court concluded that it was "reasonable for Defendant to rely on that prior representation by Plaintiff." Doc. 49, at 4. Plaintiff's arguments do not persuade the Court otherwise. It is also worth noting that the issue is moot. Plaintiff has already made known his position. He opposed the motion and continues to do so. Denying the motion to stay discovery and directing the parties to further confer would be a pointless endeavor.

Further, the Court noted that D. Kan. Rule 37.2 did not apply to a pre-discovery motion to stay. Plaintiff cites three cases which he argues contradict that ruling. The Court does not agree. Two of the cases he cites are out of district cases where the Kansas Local Rules do not apply.[2] The third case was a ruling on a motion to compel discovery—a motion in which D. Kan. Rule 37.2 does apply. None of those cases apply to this situation. In sum, Defendant's failure to confer a second time is not an adequate basis to deny the motion—and certainly does not rise to the level of sanctionable conduct.

Second, Plaintiff takes issue with the Court finding his motion to strike moot without

---

[2]The cases also do not deny a motion to stay on the basis of failure to confer.

3

addressing the "underlying misconduct." Doc. 50, at 3. However, the Court did address the arguments raised. His motion to strike sought to strike the motion to stay because of Defendant's failure to confer and purported procedural violations. Those arguments were fully addressed in the Court's prior order. *See* Doc. 49, at 3-4. Moreover, the Court granted the motion to stay discovery. There is no further basis to strike the motion if the Court is granting the requested relief. Therefore, the Court does not need to reconsider the arguments raised in the motion to strike.

Third, Plaintiff highlights the importance of his case and is upset that the Court ruled on the motion too quickly. Neither argument justifies reconsideration. Plaintiff states that "[t]his is not a speculative case" and provides that his amended complaint "is supported by over 30 exhibits." Doc. 50, at 3. However, the Court's prior order did not express an opinion as to the merits of the claims. The order provided that there are issues raised in the motion to dismiss that must be resolved before proceeding forward with discovery. For example, the order noted that a defendant is generally entitled to have questions of qualified immunity resolved before being required to engage in discovery. *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019). Here, Defendant has raised qualified immunity as a defense and the Supreme Court has held that a defendant is entitled to have that defense heard prior to expending considerable time and resources to defend the suit. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). Plaintiff further complains that the Court acted quickly on Defendant's motion. However, the Court thoroughly considered both parties' arguments. The result would not change with additional time for consideration.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration, Doc. 50, is **DENIED**.

**IT IS SO ORDERED.**

Dated May 21, 2025, at Wichita, Kansas.

4

        /s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge

5